# UNITED STATES DISTRICT COURT
## District of Minnesota

RECEIVED
BY MAIL

**APR 1 5 2019**

CLERK, U.S. DISTRICT COURT
ST. PAUL, MN

David Jannetta,
Steven Hogy,
Merlin Adolphson.

(Enter the full name of **ALL** plaintiff(s) and prisoner
number(s) in this action).

Vs

Case No. _19cv1035 PAM/HB_
(To be Assigned by Clerk of District Court)

Marshall Smith,
      D C T , Chief Executive Officer
Nancy Johnson, Executive
      Director MSOP,
Kevin Mosher, MSOP,
Kristi Wagner, MSOP Property,
Sue Johnson, MSOP Property,
Terry Kneisel, MSOP Property,
Nicole Elsen, Policy Drafting Chair
Tony Lourey, DHS Commissioner
Mary Ward, MSOP Liaison
Jamie Wouri,
      Clinical Supervisor, Media Committee
Sam Clark, MSOP Property employee
John Doe and Jane Doe,
(Whose true names are unknown),
In their official & individual
capacity

**DEMAND FOR JURY TRIAL**

YES __x__  NO _____

(Enter the full name of **ALL** defendant(s) in this action)

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS UNDER
### 42 U.S.C. 1983

1.    **PREVIOUS LAWSUITS**

A.    Have you begun other lawsuits in state or federal court dealing with the same
facts involved in this action or otherwise relating to your imprisonment in the
last three years? _____ Yes _____ No  N/A

SCANNED

APR ~~~~ 2019

U.S. DISTRICT COURT ST. PAUL

B.    If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1.    Parties to the previous lawsuit:

Plaintiffs

_____

_____

_____

Defendants

_____

_____

_____

2.    Court (if federal court, name the district.  If state court, also name the county)

3.    Case Number _____

4.    Name of judge to whom case was assigned _____

    5.    Cause of Action (Cite statue under which you filed and write a brief statement of the case):

    6.    Disposition (For example: Was the case dismissed?  Appealed? Still pending?

    7.    Approximate date of filing of lawsuit

    8.    Approximate date of disposition

9. Attach copy of disposition if not from Federal District Court of Minnesota

## II. PLACE OF PRESENT CONFINEMENT

A. Is there a prisoner grievance procedure in the institution? N/A

_____ Yes    _____ No

B. Did you present the facts relating your complaint in the prisoner

grievance procedure?    _____ Yes    _____ No

C. If your answer is Yes: N/A

1. What steps did your take?

2. What was the result?

3. Attach a copy of disposition

D. If your answer is No, explain why not: N/A

## III. PARTIES

(In Item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs)

A. Name of Plaintiff:    David Jannetta

Address:    1111 Highway 73; Moose Lake, MN 55767-9452

Additional Plaintiffs: Steven Hogy

1111 Highway 73; Moose Lake, MN 55767-9452

Merlin Adolphson

1111 Highway 73; Moose Lake, MN 55767-9452

(In Item B below, place the full name of the defendant in the first blank, official position in the second blank and place of employment in the third blank. Do the same for all additional defendants, using a separate page, if necessary)

    B.    Name of Defendant:  Marshal Smith

        employed as: Health Systems Chief Executive Officer (Direct Care and

        Treatment – DCT) at:  Minnesota Department of Human Services

| | |
|---|---|
| Additional Defendants: | Nancy Johnston |
| | Executive Director – (MSOP) |
| | DHS - St. Paul, MN |
| | Kevin Moser – |
| | Director  MSOP |
| | Moose Lake, MN |
| | Kristi Wagner, |
| | Property Director |
| | MSOP Property in Moose Lake |
| | Sue Johnson, |
| | Program Manager MSOP Property, |
| | Moose  Lake, MN |
| | Terry Kneisel, |
| | Assistant Director |
| | Moose Lake, MN |
| | Nicole Elsen |
| | Drafting Chair MSOP-ML Policies |
| | Moose Lake, MN |
| | Jamie Wouri, |
| | Clinical Program Manager MSOP |
| | Moose Lake, MN |
| | Mary Ward, |
| | MSOP Liaison |
| | Moose Lake, MN |
| | Tony Lourey, |
| | DHS Commissioner |
| | St. Paul, MN |
| | Sam Clark, |
| | MSOP Property clerk |
| | Moose Lake, MN |

## IV     STATEMENT OF CLAIM.

Provide a concise summary of the **facts** on which your claim is based.  Describe how **each individual** defendant is personally involved, including dates, places and specific wrongful acts or omissions or each defendant.  Each factual allegation should be set forth in a separate numbered paragraph. (All paragraphs in the "STATEMENT OF CLAIM" should be consecutively numbered.)  Do not give any legal arguments or cite any cases or statutes.  Attach extra sheets if necessary.

1.  Plaintiffs are residents of the Minnesota State Hospital, known as the Minnesota Sex Offender Program (MSOP) in Moose Lake, Minnesota.

2   On February 5, 2019, a policy regarding Media possession by patients in the Minnesota Sex Offender Program was issued and took effect – it effects all residents.

3   This policy was drafted by: Nicole Elsen, of the Minnesota Sex Offender Program (MSOP in Moose Lake, Minnesota.  The policy stated that all Unrated, and Not rated media would be "contraband" on the date this policy was issued.  The policy had the effect of making all gay, bi-sexual, transgender media contraband, as gay, bisexual, transgender media is not rated or unrated as it is not mainstream media.  This is not, nor has it ever been considered "pornography."

4   A written request was presented for a change in the policy as it was discriminatory toward the gay community within the Minnesota Sex Offender Program at Moose Lake.

5   The request was also presented to Mary Ward (MSOP Liaison) in MSOP-Moose Lake and forwarded to Kevin Moser (February 25, 2019) , who did not respond to the request for review of the policy (MEDIA POSSESSION BY CLIENTS   420-5230)

6   Sam Clark, MSOP Employee, was one who deemed an unrated movie contraband, due to the new media policy. He stated that because of the new policy, this movie was not appropriate for review. Therefore, because the movie could not be returned or sent out, it was destroyed by MSOP.

7   Another request was submitted to both Sue Johnson and Kristi Wagner (February 25, 2019) (Both of MSOP Property) with regard to this new policy issue, and no response was given.

8   March 11, 2019, Another request was given to Jamie Wouri, Clinical Supervisor, who then stated that all unrated and not rated media was "contraband."

9   A copy of the request to modify the policy was mailed (February 25, 2019) to Marshall Smith, Executive Director of Direct Care and Treatment and to Tony Lourey, Commissioner of DHS, who passed the request to Nancy Johnston, who stated: "The recent policy clarifications were implemented to address a large number of what appeared to be intentionally questionable unrated and notrated movies and television shows being ordered and sent in by clients, which resulted in considerable staff time to review to ensure they did not violate sections of the policy." The end result, was that the new policy was intended to be for the convince of staff, rather than for the residents of the MSOP program.

10 March 19, 2019, Nancy Johnson, on behalf of Marshall Smith stated: "The ultimate goal of the media policy to provide clients with an adequate selection of media they can order/possess, while ensuring incoming media is not in conflict with MSOP's obligation to create and maintain a therapeutic environment and prohibit the introduction of statutorily prohibited media.".

11 Terry Kneisel is assistant Program Director of MSOP – Moose Lake, and the immediate supervisor for the property department, and policy writing (he wrote the policy regarding the Resident Advisory & Family Council [The Resident Advisory & Family Council is a group of residents (and family members) within the Minnesota Sex Offender Program, who make recommendations regarding policies according to Statute – However, MSOP Administration refuses to acknowledge the RAFC's statutory rights]. The main focus of administration and Mr. Kneisel is to limit and/or dissolve the RAFC.

12 Sue Johnson, is also a supervisor of the property department, and enforced the policy to make all unrated and not rated media [TV Shows and Commercially produced movies] contraband. Further, all media must be ordered from an approved MSOP vendor.

13 In each case, the individuals named, have acted in extreme Animus toward those who are most affected by the implementation of this Media Policy.

## V.   RELIEF

<u>State briefly exactly what you want the court to do for you</u>:
Make no legal arguments.  Cite no case or statutes.

The media policy must be rewritten to insure that the discrimination and abuse towards gays, bi-sexual, transgender patients be stopped, and their rights protected.

That a temporary restraining order be issued to stop the abuse now.

That this court invoke a "Hate Crime" status to these charges.

That all media destroyed or confiscated from MSOP clients be replaced.

That all rights and privileges be restored to those who have had them compromised by MSOP's new policy (420.5230).

Signed this _____ 10 th _____ day of __ April __, 20 _ 19 _____

Signature(s) of Plaintiff(s) _____
David Jannetta

_____
Steven Hogy

_____
Merlin Adlofson

# UNITED STATES DISTRICT COURT
## District of Minnesota

David Jannetta,
Steven Hogy,
Merlin Adolphson.

(Enter the full name of **ALL** plaintiff(s) and prisoner
number(s) in this action).

Vs

Case No. _____
(To be Assigned by Clerk of District Court)

Marshall Smith,
      D C T , Chief Executive Officer
Nancy Johnson, Executive
      Director MSOP,
Kevin Mosher, MSOP,
Kristi Wagner, MSOP Property,
Sue Johnson, MSOP Property,
Terry Kneisel, MSOP Property,
Nicole Elsen, Policy Drafting Chair
Tony Lourey, DHS Commissioner
Mary Ward, MSOP Liaison
Jamie Wouri,
      Clinical Supervisor, Media Committee
Sam Clark, MSOP Property employee
John Doe and Jane Doe,
(Whose true names are unknown),
In their official & individual
capacity

**DEMAND FOR JURY TRIAL**

YES __x__ NO _____

(Enter the full name of **ALL** defendant(s) in this action)

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS UNDER
### 42 U.S.C. 1983

1.     **PREVIOUS LAWSUITS**

A.     Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment in the last three years? _____ Yes _____ No N/A

B.     If your answer to A is yes, describe each lawsuit in the space below.  (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1.     Parties to the previous lawsuit:

Plaintiffs

_____

_____

_____

Defendants

_____

_____

_____

2.     Court (if federal court, name the district.  If state court, also name the county)

3.     Case Number _____

4.     Name of judge to whom case was assigned _____

     5.     Cause of Action (Cite statue under which you filed and write a brief statement of the case):

     6.     Disposition (For example: Was the case dismissed?  Appealed? Still pending?

     7.     Approximate date of filing of lawsuit

     8.     Approximate date of disposition

9.      Attach copy of disposition if not from Federal District Court of Minnesota

## II.    PLACE OF PRESENT CONFINEMENT

A.    Is there a prisoner grievance procedure in the institution?  N/A

_____ Yes    _____ No

B.    Did you present the facts relating your complaint in the prisoner

grievance procedure?    _____ Yes  _____ No

C.    If your answer is Yes: N/A

1.    What steps did your take?

2.    What was the result?

3.    Attach a copy of disposition

D.    If your answer is No, explain why not:  N/A

## III.    PARTIES

(In Item A below, place your name in the first blank and place your present address in the second blank.  Do the same for additional plaintiffs)

A.    Name of Plaintiff:   David Jannetta

Address:            1111 Highway 73; Moose Lake, MN 55767-9452

Additional Plaintiffs:  Steven Hogy

1111 Highway 73; Moose Lake, MN 55767-9452

Merlin Adolphson

1111 Highway 73; Moose Lake, MN 55767-9452

(In Item B below, place the full name of the defendant in the first blank, official position in the second blank and place of employment in the third blank. Do the same for all additional defendants, using a separate page, if necessary)

B.   Name of Defendant:  Marshal Smith

employed as: Health Systems Chief Executive Officer (Direct Care and

Treatment – DCT) at:  Minnesota Department of Human Services

Additional Defendants:   Nancy Johnston
Executive Director – (MSOP)
DHS - St. Paul, MN
Kevin Moser –
Director  MSOP
Moose Lake, MN
Kristi Wagner,
Property Director
MSOP Property in Moose Lake
Sue Johnson,
Program Manager MSOP Property,
Moose  Lake, MN
Terry Kneisel,
Assistant Director
Moose Lake, MN
Nicole Elsen
Drafting Chair MSOP-ML Policies
Moose Lake, MN
Jamie Wouri,
Clinical Program Manager MSOP
Moose Lake, MN
Mary Ward,
MSOP Liaison
Moose Lake, MN
Tony Lourey,
DHS Commissioner
St. Paul, MN
Sam Clark,
MSOP Property clerk
Moose Lake, MN

## IV   STATEMENT OF CLAIM.

Provide a concise summary of the **facts** on which your claim is based. Describe how **each individual** defendant is personally involved, including dates, places and specific wrongful acts or omissions or each defendant. Each factual allegation should be set forth in a separate numbered paragraph. (All paragraphs in the "STATEMENT OF CLAIM" should be consecutively numbered.) Do not give any legal arguments or cite any cases or statutes. Attach extra sheets if necessary.

1. Plaintiffs are residents of the Minnesota State Hospital, known as the Minnesota Sex Offender Program (MSOP) in Moose Lake, Minnesota.

2. On February 5, 2019, a policy regarding Media possession by patients in the Minnesota Sex Offender Program was issued and took effect – it effects all residents.

3. This policy was drafted by: Nicole Elsen, of the Minnesota Sex Offender Program (MSOP in Moose Lake, Minnesota. The policy stated that all Unrated, and Not rated media would be "contraband" on the date this policy was issued. The policy had the effect of making all gay, bi-sexual, transgender media contraband, as gay, bisexual, transgender media is not rated or unrated as it is not mainstream media. This is not, nor has it ever been considered "pornography."

4. A written request was presented for a change in the policy as it was discriminatory toward the gay community within the Minnesota Sex Offender Program at Moose Lake.

5. The request was also presented to Mary Ward (MSOP Liaison) in MSOP-Moose Lake and forwarded to Kevin Moser (February 25, 2019) , who did not respond to the request for review of the policy (MEDIA POSSESSION BY CLIENTS  420-5230)

Page 5

6   Sam Clark, MSOP Employee, was one who deemed an unrated movie contraband, due to the new media policy. He stated that because of the new policy, this movie was not appropriate for review. Therefore, because the movie could not be returned or sent out, it was destroyed by MSOP.

7   Another request was submitted to both Sue Johnson and Kristi Wagner (February 25, 2019) (Both of MSOP Property) with regard to this new policy issue, and no response was given.

8   March 11, 2019, Another request was given to Jamie Wouri, Clinical Supervisor, who then stated that all unrated and not rated media was "contraband."

9   A copy of the request to modify the policy was mailed (February 25, 2019) to Marshall Smith, Executive Director of Direct Care and Treatment and to Tony Lourey, Commissioner of DHS, who passed the request to Nancy Johnston, who stated: "The recent policy clarifications were implemented to address a large number of what appeared to be intentionally questionable unrated and notrated movies and television shows being ordered and sent in by clients, which resulted in considerable staff time to review to ensure they did not violate sections of the policy." The end result, was that the new policy was intended to be for the convince of staff, rather than for the residents of the MSOP program.

10  March 19, 2019, Nancy Johnson, on behalf of Marshall Smith stated: "The ultimate goal of the media policy to provide clients with an adequate selection of media they can order/possess, while ensuring incoming media is not in conflict with MSOP's obligation to create and maintain a therapeutic environment and prohibit the introduction of statutorily prohibited media.".

11  Terry Kneisel is assistant Program Director of MSOP – Moose Lake, and the immediate supervisor for the property department, and policy writing (he wrote the policy regarding the Resident Advisory & Family Council [The Resident Advisory & Family Council is a group of residents (and family members) within the Minnesota Sex Offender Program, who make recommendations regarding policies according to Statute – However, MSOP Administration refuses to acknowledge the RAFC's statutory rights].  The main focus of administration and Mr. Kneisel is to limit and/or dissolve the RAFC.

12  Sue Johnson, is also a supervisor of the property department, and enforced the policy to make all unrated and not rated media [TV Shows and Commercially produced movies] contraband.  Further, all media must be ordered from an approved MSOP vendor.

13  In each case, the individuals named, have acted in extreme Animus toward those who are most affected by the implementation of this Media Policy.

Page 7

## V.   RELIEF

<u>State briefly exactly what you want the court to do for you</u>:
Make no legal arguments.  Cite no case or statutes.

The media policy must be rewritten to insure that the discrimination and abuse towards gays, bi-sexual, transgender patients be stopped, and their rights protected.

That a temporary restraining order be issued to stop the abuse now.

That this court invoke a "Hate Crime" status to these charges.

That all media destroyed or confiscated from MSOP clients be replaced.

That all rights and privileges be restored to those who have had them compromised by MSOP's new policy (420.5230).

Signed this ____/0ᵗʰ____ day of ___April___, 20 _19_

Signature(s) of Plaintiff(s) _____
David Jannetta

_____
Steven Hogy

_____
Merlin Adlofson

# UNITED STATES DISTRICT COURT
## District of Minnesota

David Jannetta,
Steven Hogy,
Merlin Adolphson.

(Enter the full name of **ALL** plaintiff(s) and prisoner
number(s) in this action).

Vs

Marshall Smith,
      D C T , Chief Executive Officer
Nancy Johnson, Executive
      Director MSOP,
Kevin Mosher, MSOP,
Kristi Wagner, MSOP Property,
Sue Johnson, MSOP Property,
Terry Kneisel, MSOP Property,
Nicole Elsen, Policy Drafting Chair
Tony Lourey, DHS Commissioner
Mary Ward, MSOP Liaison
Jamie Wouri,
      Clinical Supervisor, Media Committee
Sam Clark, MSOP Property employee
John Doe and Jane Doe,
(Whose true names are unknown),
In their official & individual
capacity

(Enter the full name of **ALL** defendant(s) in this action)

Case No. _____
(To be Assigned by Clerk of District Court)

**DEMAND FOR JURY TRIAL**

YES __x__ NO _____

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS UNDER
### 42 U.S.C. 1983

1.     **PREVIOUS LAWSUITS**

A.     Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment in the last three years? _____ Yes _____ No N/A

B.      If your answer to A is yes, describe each lawsuit in the space below.  (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1.      Parties to the previous lawsuit:

Plaintiffs

_____

_____

_____

Defendants

_____

_____

_____

2.      Court (if federal court, name the district.  If state court, also name the county)

3.      Case Number _____

4.      Name of judge to whom case was assigned _____

        5.      Cause of Action (Cite statue under which you filed and write a brief statement of the case):

        6.      Disposition (For example: Was the case dismissed?  Appealed? Still pending?

        7.      Approximate date of filing of lawsuit

        8.      Approximate date of disposition

9.      Attach copy of disposition if not from Federal District Court of
Minnesota

## II.    PLACE OF PRESENT CONFINEMENT

A.      Is there a prisoner grievance procedure in the institution?  N/A

_____ Yes        _____ No

B.      Did you present the facts relating your complaint in the prisoner

grievance procedure?        _____ Yes _____ No

C.      If your answer is Yes: N/A

1.      What steps did your take?

2.      What was the result?

3.      Attach a copy of disposition

D.      If your answer is No, explain why not:  N/A

## III.   PARTIES

(In Item A below, place your name in the first blank and place your present address in
the second blank.  Do the same for additional plaintiffs)

A.      Name of Plaintiff:   David Jannetta

Address:                 1111 Highway 73; Moose Lake, MN 55767-9452

Additional Plaintiffs:  Steven Hogy

1111 Highway 73; Moose Lake, MN 55767-9452

Merlin Adolphson

1111 Highway 73; Moose Lake, MN 55767-9452

Page 3

(In Item B below, place the full name of the defendant in the first blank, official position in the second blank and place of employment in the third blank. Do the same for all additional defendants, using a separate page, if necessary)

B.   Name of Defendant:  Marshal Smith

employed as: Health Systems Chief Executive Officer (Direct Care and

Treatment – DCT) at:  Minnesota Department of Human Services

Additional Defendants:        Nancy Johnston
                              Executive Director – (MSOP)
                              DHS - St. Paul, MN
                              Kevin Moser –
                              Director  MSOP
                              Moose Lake, MN
                              Kristi Wagner,
                              Property Director
                              MSOP Property in Moose Lake
                              Sue Johnson,
                              Program Manager MSOP Property,
                              Moose  Lake, MN
                              Terry Kneisel,
                              Assistant Director
                              Moose Lake, MN
                              Nicole Elsen
                              Drafting Chair MSOP-ML Policies
                              Moose Lake, MN
                              Jamie Wouri,
                              Clinical Program Manager MSOP
                              Moose Lake, MN
                              Mary Ward,
                              MSOP Liaison
                              Moose Lake, MN
                              Tony Lourey,
                              DHS Commissioner
                              St. Paul, MN
                              Sam Clark,
                              MSOP Property clerk
                              Moose Lake, MN

**Page 4**

## IV   STATEMENT OF CLAIM.

Provide a concise summary of the **facts** on which your claim is based. Describe how **each individual** defendant is personally involved, including dates, places and specific wrongful acts or omissions or each defendant. Each factual allegation should be set forth in a separate numbered paragraph. (All paragraphs in the "STATEMENT OF CLAIM" should be consecutively numbered.) Do not give any legal arguments or cite any cases or statutes. Attach extra sheets if necessary.

1. Plaintiffs are residents of the Minnesota State Hospital, known as the Minnesota Sex Offender Program (MSOP) in Moose Lake, Minnesota.

2. On February 5, 2019, a policy regarding Media possession by patients in the Minnesota Sex Offender Program was issued and took effect – it effects all residents.

3. This policy was drafted by: Nicole Elsen, of the Minnesota Sex Offender Program (MSOP in Moose Lake, Minnesota. The policy stated that all Unrated, and Not rated media would be "contraband" on the date this policy was issued. The policy had the effect of making all gay, bi-sexual, transgender media contraband, as gay, bisexual, transgender media is not rated or unrated as it is not mainstream media. This is not, nor has it ever been considered "pornography."

4. A written request was presented for a change in the policy as it was discriminatory toward the gay community within the Minnesota Sex Offender Program at Moose Lake.

5. The request was also presented to Mary Ward (MSOP Liaison) in MSOP-Moose Lake and forwarded to Kevin Moser (February 25, 2019), who did not respond to the request for review of the policy (MEDIA POSSESSION BY CLIENTS  420-5230)

Page 5

Sam Clark, MSOP Employee, was one who deemed an unrated movie contraband, due to the new media policy. He stated that because of the new policy, this movie was not appropriate for review. Therefore, because the movie could not be returned or sent out, it was destroyed by MSOP.

Another request was submitted to both Sue Johnson and Kristi Wagner (February 25, 2019) (Both of MSOP Property) with regard to this new policy issue, and no response was given.

March 11, 2019, Another request was given to Jamie Wouri, Clinical Supervisor, who then stated that all unrated and not rated media was "contraband."

A copy of the request to modify the policy was mailed (February 25, 2019) to Marshall Smith, Executive Director of Direct Care and Treatment and to Tony Lourey, Commissioner of DHS, who passed the request to Nancy Johnston, who stated: "The recent policy clarifications were implemented to address a large number of what appeared to be intentionally questionable unrated and notrated movies and television shows being ordered and sent in by clients, which resulted in considerable staff time to review to ensure they did not violate sections of the policy." The end result, was that the new policy was intended to be for the convince of staff, rather than for the residents of the MSOP program.

10 March 19, 2019, Nancy Johnson, on behalf of Marshall Smith stated: "The ultimate goal of the media policy to provide clients with an adequate selection of media they can order/possess, while ensuring incoming media is not in conflict with MSOP's obligation to create and maintain a therapeutic environment and prohibit the introduction of statutorily prohibited media.".

11 Terry Kneisel is assistant Program Director of MSOP – Moose Lake, and the immediate supervisor for the property department, and policy writing (he wrote the policy regarding the Resident Advisory & Family Council [The Resident Advisory & Family Council is a group of residents (and family members) within the Minnesota Sex Offender Program, who make recommendations regarding policies according to Statute – However, MSOP Administration refuses to acknowledge the RAFC's statutory rights]. The main focus of administration and Mr. Kneisel is to limit and/or dissolve the RAFC.

12 Sue Johnson, is also a supervisor of the property department, and enforced the policy to make all unrated and not rated media [TV Shows and Commercially produced movies] contraband. Further, all media must be ordered from an approved MSOP vendor.

13 In each case, the individuals named, have acted in extreme Animus toward those who are most affected by the implementation of this Media Policy.

Page 7

## V.    RELIEF

State briefly exactly what you want the court to do for you:
Make no legal arguments.  Cite no case or statutes.

The media policy must be rewritten to insure that the discrimination and abuse towards gays, bi-sexual, transgender patients be stopped, and their rights protected.

That a temporary restraining order be issued to stop the abuse now.

That this court invoke a "Hate Crime" status to these charges.

That all media destroyed or confiscated from MSOP clients be replaced.

That all rights and privileges be restored to those who have had them compromised by MSOP's new policy (420.5230).

Signed this _____10th_____ day of ___April___, 20 _19_

Signature(s) of Plaintiff(s) _____
David Jannetta

_____
Steven Hogy

_____
Merlin Adlofson